(December 13, 1897.)

## BALL v. BANNOCK COUNTY.
[51 Pac. 454.]

DEMURRER — CONSTITUTIONAL LAW—COUNTY INDEBTEDNESS — COUNTY COURTHOUSE SITE.—A board of county commissioners can, under the constitution and laws of Idaho, purchase real estate necessary for the use of the county, without submitting the question of making such purchase to the voters, when they can do so out of the revenue for the year and not encroach upon such part of said fund as is required to pay the indebtedness created during the year for ordinary and necessary expenses. The purchase of a site upon which to build a county courthouse is not an ordinary and necessary expense.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

S. C. Winters and Thomas F. Terrill, for Appellant.

Subdivision 7 of section 1759 of the Revised Statutes of the state of Idaho is the only law authorizing the purchase of real estate for the use of the county, and the amount or price to be paid is nowhere limited, except as stated in said subdivision 7. The requirements of subdivision 7 of section 1759 of the Revised Statutes were fully complied with by the board of commissioners of Bannock county, in purchasing block 268 in the city of Pocatello. And the said purchase of said block did not fall within the prohibition of section 3 of article 8 of the constitution of the state of Idaho, for the reason that there was ample revenue provided for the said county for the year 1893, to pay all ordinary and necessary expenses of said county, and to pay the warrant in question herein and more. (*Rauch v. Chapman,* 16 Wash. 568, 58 Am. St. Rep. 52, 48 Pac. 253; *Grant Co. v. Lake Co.,* 17 Or. 453, 21 Pac. 447; *Cashin v. Dunn,* 58 Cal. 581; *Welch v. Strother,* 74 Cal. 413, 16 Pac. 22; *Geo. D. Barnard & Co. v. Knox· Co.,* 37 Fed. 563.)

H. V. A. Ferguson, for Respondents, cites no authorities on the question passed upon by the court not cited by appellant.

QUARLES, J.—The complaint in this case contains two counts. In the first count, the plaintiff, after making the necessary preliminary allegations, alleges the following facts: That the board of county commissioners of Bannock county did, July 14, 1893, by order then entered upon the records of said board, determine that it was essential to purchase real estate upon which to erect a courthouse and jail, and appointed three disinterested citizens of said county to appraise certain blocks in the city of Pocatello; that said appraisers accepted said appointment, took and filed their oath as such appraisers, and appraised said blocks, one of which was block 268 of said city, owned by the plaintiff, which said appraisers appraised at $4,500; that said appraisers reported their said acts, which report was received and spread upon the minutes of said board, and the said appraisers were discharged; that the plaintiff then offered to sell said block 268 to said county for the sum of $4,000, which offer was, by said board of commissioners, by order made and entered on its minutes, accepted; that the

plaintiff, by deed, conveyed said block to Bannock county, which deed was, by order of said board of commissioners, filed for record; that said board of commissioners ordered a warrant drawn in favor of plaintiff for the purchase price of said block, the said $4,000, and which warrant was drawn by the auditor of said county for said sum, and was, on July 25, 1893, duly registered, the same being No. 138. The complaint then makes the following allegations as paragraph 8a: "That, at the time said warrant was issued and said indebtedness was incurred, the said commissioner of Bannock county had not incurred an indebtedness of any kind, nor an aggregate indebtedness in excess of $10,000, and the revenue provided for the year 1893 for said county exceeded $30,000; and there was more than sufficient revenue provided for the year of 1893 for said county to pay all the ordinary and necessary expenses and indebtedness of said county for said year, and to pay the warrant and indebtedness mentioned in this complaint as due and owing to plaintiff." Continuing, the complaint alleges the calling in and payment of warrants issued since the said warrant was issued to the plaintiff, the presentment of said warrant No. 138 by plaintiff to the treasurer of said Bannock county, and the failure and refusal of said treasurer to pay said warrant, and that said treasurer still refuses to pay said warrant or any part thereof. The plaintiff also alleges in said complaint that the said orders made by said board of commissioners, and its action in purchasing said real estate, were never appealed from, enjoined, or questioned, and that said treasurer will not pay said warrant unless compelled by the court so to do. The complaint contains a second count, in which the foregoing facts are alleged, and in which it is further alleged that said county took possession of said block of land, and has occupied and used it since, and seeks to recover the alleged value of same—$4,000—with interest thereon from July 25, 1893, as of a *quantum valebat*. To the said complaint as a whole, the defendants demurred, upon three grounds, as follows: 1. That the complaint does not state facts sufficient to constitute a cause of action; 2. That there is a misjoinder of parties defendant; 3. That several causes of action have been improperly united in the complaint.

We think that the first count of said complaint states a cause of action. Section 3 of article 8 of the constitution only applies where a debt is contracted for an extraordinary expense in excess of the revenue provided for the year. The complaint alleges that the revenue provided for the year in which said bargain and sale is alleged to have been (1893) exceeded $30,-000, and was sufficient to pay all of the ordinary and necessary expenses of the said county for that year and the said purchase price or warrant in question. This fact is admitted by the demurrer. Section 1759 of the Revised Statutes, authorizes the commissioners to purchase or receive, by donation, real estate for necessary purposes. We are not authorized to assume that it was unnecessary to purchase this real estate, no showing to that effect having been made. The complaint shows that the real estate in question was appraised as required by said section. Nor do we think that section 1761 of the Revised Statutes, has any application to this case, as the contract in question was not let for the construction of any building, bridge, or structure. If the purchase of said block would result in creating an indebtedness on the part of Bannock county in excess of the revenues of the county for the year in question, after deducting from said revenues all indebtedness incurred by said county up to the time of said purchase, and such as should be incurred thereafter for ordinary and necessary expenses during the year, said purchase was unauthorized. The allegations in the complaint show that the purchase of said real estate did not encroach upon the funds provided by law to pay the ordinary and necessary expenses of the county for the year. This being true, the demurrer as to the first ground should have been overruled. That we may be the better understood, we will say that, under the section of the constitution cited *supra*, it was the intention of the people to put the several counties, so far as the future was concerned, upon practically a cash basis. This object and intent must be observed. Its violation, either directly or indirectly, cannot be tolerated. Boards of county commissioners cannot create extraordinary expenses, such as building courthouses and bridges, and purchasing sites for courthouses without being authorized by a two-thirds vote so to do, unless the revenue of their county for the year is sufficient to pay all of the ordinary and neces-

sary expenses for that year, and then leave a sufficiency with which to pay such extraordinary expense. The provision of the constitution is of no practical utility if the county commissioners may make a levy providing the necessary revenue to pay the ordinary and necessary expenses of their county for the year, and then, before the fund thus provided for specific purposes is used for such purposes, they may divert the same, wholly or in part, to other purposes. If such course is permitted, a board of commissioners could, contrary to the intent of the constitution, consume all of the revenue for a given year the week the tax levy is made, and, without the consent of the people of the county, run it in debt to the extent of all the necessary expenditures for that year. If the allegations of the complaint are not true, the defendants should deny them.

The second ground of demurrer is not well taken. The county is the real party in interest so far as the defense to this action is concerned. The treasurer is, to the extent prescribed in section 1759 of the Revised Statutes, under the supervision of the board of county commissioners; and, if the county has any defense to the action, it is proper to give it the opportunity to make it.

As to the third ground of demurrer, it is not good, for the reason that the complaint only states one cause of action. If the plaintiff recovers in this case, he must do so upon his warrant. The county is liable, if at all, upon the contract made pursuant to section 1759 of the Revised Statutes, which merged into the warrant in question, and not upon any implied promise. The second count of the complaint is immaterial, and, while it is not reached by the demurrer, might properly be stricken out on motion. The decision in *Bannock Co. v. C. Bunting & Co.,* 4 Idaho, 156, 37 Pac. 277, is not conclusive of this case. The plaintiff in this case was not a party to that suit. What was said in the decision in that case with relation to the warrant in question here was upon the assumption that the revenues of the county were insufficient to pay the ordinary and necessary expenses for the year of 1893. That question of fact can properly be raised by answer in this case. The judg-

ment appealed from is reversed, and the cause is remanded, with instructions to the district court to overrule the demurrer, and permit the defendants to answer, if it is so desired. Costs of this appeal awarded to appellant.

Sullivan, C. J., and Huston, J., concur.